UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20147-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MANUEL LEON MARIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Jose Manuel Leon Marin. (ECF No. 22). I held that hearing on June 29, 2022, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by the Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant and make all findings and rulings concerning the Defendant's sentence.

2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney, and the Assistant

1

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.  I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.  The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Indictment, which charges Defendant with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). (ECF No. 9). The government agrees to seek dismissal of the remaining count of the Indictment (Count 2) after sentencing.

**At the plea colloquy, Defendant's counsel advised that Defendant intends to appeal this Court's Order Denying Motion to Dismiss Indictment, to challenge this Court's subject matter jurisdiction over this matter. (*See* ECF No. 28). I questioned counsel whether this intended appeal is inconsistent with the last sentence of the Stipulated Factual Proffer, which states: "The parties further agree that there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code,**

**Section 70502 (c), is a vessel subject to the jurisdiction of the United States." All counsel agreed that this language does not prevent Defendant from filing that appeal.**

5. The parties also agreed to a written factual proffer and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer and agreed to its accuracy; he also confirmed that he signed it. Government counsel identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the factual proffer with the Defendant, and he confirmed that it accurately summarizes how he committed the crime charged in Count 1 of the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the mandatory minimum (10) year period of imprisonment and maximum penalty of life imprisonment.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings and adjudicate Defendant guilty of Count 1 of the Indictment.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for September 13, 2022, at 10:30 a.m., before the Honorable Donald M. Middlebrooks, at the James**

**Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 29th day of June 2022, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Donald M. Middlebrooks
      Counsel of record